NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3288

MARCIA M. GAYLE,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  November 5, 2004

_____

Before MAYER, <u>Chief Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and PROST, <u>Circuit Judge</u>.

PER CURIAM.

Marcia M. Gayle petitions for review of the final decision of the Merit Systems Protection Board ("Board") sustaining the decision of the Office of Personnel Management ("OPM") that denied as untimely her application for disability retirement benefits under the Federal Employees' Retirement System ("FERS").  We <u>affirm</u>.

An application for disability retirement benefits under FERS must be filed with OPM before the employee's separation from service or within one year of separation.  5 U.S.C. § 8453 (2000).  This time limitation may be waived if the employee is "mentally incompetent" on the date of separation or within one year thereafter and files her application within one year of her restoration to competency.  <u>Id.</u>

Ms. Gayle was separated from her position at the Defense Commissary Agency on August 31, 1996. She applied for disability retirement benefits on June 5, 2002, and thus did not file her application within the statutory one-year time period. Therefore, the only question in her case is whether she was mentally incompetent from August 31, 1997, to June 5, 2001.

After reviewing the medical documentation submitted by Ms. Gayle in support of her claim, OPM found that she did not demonstrate she was mentally incompetent during the relevant period and accordingly dismissed her claim for disability retirement benefits. OPM denied her request for reconsideration, and Ms. Gayle appealed to the Board. The Board's administrative judge affirmed OPM's decision after examining the submitted medical evidence. Gayle v. Office of Pers. Mgmt., No. NY-844E-03-0202-I-1 (M.S.P.B. July 18, 2003) (initial decision). The initial decision became the final decision of the Board when Ms. Gayle's petition for review was denied.

On appeal to this court, Ms. Gayle contends that her medical records show she was unable to function during the relevant time period. The Board found that the only document indicating Ms. Gayle was mentally incompetent is a doctor's statement consisting entirely of conclusory assertions and lacking a reasoned explanation for its findings. Furthermore, the Board found the doctor's statement was contradicted by more detailed medical records that were contemporaneous with Ms. Gayle's medical treatment and that did not show she was incompetent during the time in question. Based on our review of the record, we cannot say the Board's decision that Ms. Gayle was not entitled to a waiver of the one-year time limit is arbitrary, capricious, an abuse of discretion, not in accordance with the law, or unsupported by substantial evidence,

the standard for our review of the Board's determinations on mental incompetence. <u>See</u> 5 U.S.C. § 7703(c) (2000); <u>McLaughlin v. Office of Pers. Mgmt.</u>, 353 F.3d 1363, 1367 (Fed. Cir. 2004).